UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In the Matter of the Complaint of JOSEPH CECCHINI, | NO. CIV. S-08-516 FCD/DAD |
| Plaintiff, Owner of the Vessel. | |
| | MEMORANDUM AND ORDER |
| _____/ | |
| In the Matter of the Complaint of JOSEPH CECCHINI, | NO. CIV. S-08-1385 FCD/DAD |
| Plaintiff, Owner of the Vessel. | |
| _____/ | |

----oo0oo----

These admiralty matters are before the court on motions for orders directing monition (notice of the actions) and enjoining suits brought by plaintiff Joseph Cecchini ("plaintiff"), the

1

owner of the subject vessel, the "Westmar."[1]  In these actions,[2] plaintiff seeks to limit his liability for the collision that occurred on June 23, 2007, between the "Westmar" and a vessel owned by Ratha Ieng ("Ieng") in the Stockton Deep Water Channel in Stockton, California.  Pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, and Federal Rule of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule F (hereinafter, "Rule F"), plaintiff moves the court for an order directing that monition, or notice of the actions, be issued to potential claimants requiring that they file any claims relating to the subject accident within thirty days of issuance of the notice and enjoining the filing or further prosecution of any other suits against plaintiff relating to this accident. Certain, presently named defendants/claimants in these actions oppose the motions.

For the reasons set forth below, plaintiff's instant motions are GRANTED.  The court files concurrently herewith its Order Directing Monition/Notice and Enjoining Suits and Notice of Action Brought for Limitation of or Exoneration from Liability.

**BACKGROUND**

On June 23, 2007, at approximately 10:30 p.m., plaintiff's vessel, the "Westmar," was struck by a vessel being operated by

---

[1]  Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[2]  These actions are related (see Related Case Orders, filed Jan. 12, 2009 [Docket #20 in Case No. Civ. S-08-516 FCD/DAD and Docket #15 in Case No. Civ. S-08-1385 FCD/DAD]) and plaintiff's motions are nearly identical, and thus, the court resolves both motions in this order.

Ieng.  The collision occurred in the Stockton Deep Water Channel in Stockton, California.  As a result of the collision, Ieng was ejected from his vessel and drowned.  Plaintiff was not on board the Westmar at the time of the collision; the Westmar was being operated by Paul Joseph Cecchini, who had passengers Richard Fenley ("Fenley") and Greg Royce ("Royce") with him.

On November 25, 2007, Ieng's wife and children filed a wrongful death action against plaintiff in the California Superior Court, County of San Joaquin, Case No. CV-033852 ("Ieng Action").

On February 14, 2008, Royce filed a complaint against plaintiff in the California Superior Court, County of San Joaquin, Case No. CV-034755 ("Royce Action"), seeking damages for personal injuries arising from the accident.

On March 10, 2008, plaintiff filed a verified complaint in this court pursuant to 46 U.S.C. § 30511, seeking limitation of liability under federal admiralty law (Case No. Civ. S-08-516 FCD/DAD).  Plaintiff specifically named Ieng and his heirs in the action.  Plaintiff states, at that time, he was only aware of the Iengs as potential claimants.  In place of the *res*, plaintiff provided a letter of undertaking from Continental Insurance Company for any judgment not to exceed $2,000.00, representing the estimated value of the Westmar after the collision.

Shortly thereafter, on March 17, 2008, Fenley and his wife filed an action in the California Superior Court, County of San Joaquin, Case No. CV-035013 ("Fenley Action"), seeking damages for personal injuries sustained by Fenley during the accident; Fenley's wife, who was not on board the Westmar during the

3

accident, asserted a loss of consortium claim.  Plaintiff was not originally named in the suit, but the Fenley's later amended the complaint, on June 16, 2008, to name plaintiff.

On June 19, 2008, plaintiff filed a second limitation of liability action in this court, pursuant to Section 30511, specifically naming the Fenleys and Royce as defendants/claimants (Case No. Civ. 08-1385 FCD/DAD).

Subsequently, in state court, certain of the defendants/claimants herein filed a motion in state court to consolidate the state court actions.  That motion was heard and granted by the San Joaquin Superior Court on January 14, 2009. That same day, Chhom Saeng, a passenger aboard Ieng's vessel, filed an action in the San Joaquin Superior Court against plaintiff (Case No. CV-39-2009-00201762 ["Saeng Action"]).  The state court, on its own motion, consolidated the Saeng Action with the other state court matters.  Plaintiff subsequently named Saeng in Case No. Civ. 08-1385 FCD/DAD pending in this court.

During the Fall of 2008, plaintiff attempted to obtain a stipulation from the claimants above, wherein in exchange for claimants' stipulation to limit plaintiff's liability as provided by federal law, plaintiff would dismiss these federal actions and proceed in state court.  However, all parties could not agree on the language of the stipulation; certain claimants believed that plaintiff was attempting to limit liability beyond what the applicable statutes permit.

Plaintiff states that because a stipulation could not be reached among the parties, he now files the instant motions for orders directing monition and enjoining suits.  Pursuant to Rule

4

F(4), plaintiff requests an order permitting him to publish notice of these actions in order to limit liability under the governing statutes and to extinguish any further claims against him arising from the accident, unless a timely claim is brought within the time allowed by the notice. Plaintiff also seeks an order enjoining the filing of any further suits against him arising from the incident and enjoining the further prosecution of the suits currently pending in the San Joaquin Superior Court, including the Ieng, Fenley, Royce and Saeng Actions.

**STANDARD**

Pursuant to the Limitation of Liability Act (the "Act"), the owner of a vessel may institute proceedings to limit his liability for personal injuries suffered on or as a result of the vessel, if the injuries were sustained without the owner's privity or knowledge. 46 U.S.C. §§ 30505, 30511. In other words, the Act permits "a shipowner not personally at fault to limit his liability to his interest in the ship." In re Paradise Holdings Inc., 795 F.2d 756, 761 (9th Cir. 1986). Under Section 30511, said action must be brought in a district court of the United States within "6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). When an action has been brought under Section 30511(a) and the owner has complied with the requirements of subsection (b) of Section 30511, requiring the provision of certain security,[3] "all claims

---

[3] Section 30511(b) provides that: "When the action is brought, the owner (at the owner's option) shall--(1) deposit with the court, for the benefit of claimants--(A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and (B) an amount, or approved security, that the court may fix from time to time as necessary

5

and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c).

Thus, Section 30511 provides for all claims against an owner to be aggregated and decided at one time under a single set of substantive and procedural rules, thereby avoiding inconsistent results and repetitive litigation. Paradise Holdings, 795 F.2d at 761. This objective is especially important where there are multiple claims, which aggregate to more than the limitation fund. "[T]he *concursus* before the admiralty court is designed in part to marshall available assets and to set priorities among the various claims." Id. Ultimately, limitation actions are equitable proceedings in which courts must consider the rights of all claimants in addition to the rights of the insureds and insurers. Id.

Procedurally, limitation actions brought pursuant to Sections 30505 and 30511 are governed by the Supplemental Federal Rules for Certain Admiralty and Maritime Claims, specifically Rule F. Thereunder, once an owner, who is subject to a claim against his ship, files a limitation complaint and posts the appropriate security, he is "generally entitled to an injunction enjoining the further prosecution of any action or proceeding against the [owner] or his property with respect to any claim subject to limitation in the action." Id. (internal quotations and citations omitted); Supp. Fed. R. Rule F(3) (providing that

---

to carry out this chapter; or (2) transfer to a trustee appointed by the court, for the benefit of claimants--(A) the owner's interest in the vessel and pending freight; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter.

upon "application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action"). This provision applies to both state and federal proceedings. Paradise Holdings, 795 F.2d at 761.

Once an owner has complied with these procedures, Rule F(4) provides that the court "shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Supp. Fed. R. Rule F(4). The date fixed must not be less than 30 days after issuance of the notice, and the notice must be published in such newspaper or newspapers as the court directs "once a week for four successive weeks prior to the date fixed for filing of claims." Id.[4]

**ANALYSIS**

Plaintiff has complied with the above procedures and is thus entitled to the requested orders directing monition and enjoining suits. Plaintiff filed his limitation complaints in this district court in compliance with Section 30511 and Rule F(1) and (2), and he posted the requisite security, a $2,000.00 letter of

---

[4] Rule F(4) further requires the plaintiff, not later than the day of the second publication of the notice, to mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising from the incident, and in cases involving a death, as here, a plaintiff is required to mail a copy of the notice to the decedent's last known address and to any person known to have made any claim on account of the decedent's death.

7

undertaking from Continental Insurance Company.  Plaintiff now applies for an order enjoining the filing of any actions against him, except as directed in the notice of action, and enjoining specifically the further prosecution of the various state court actions currently pending against him relating to this incident. Pursuant to Rule F(4), plaintiff is entitled to such an injunction: "On application of the plaintiff the court *shall enjoin* the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."  Supp. Fed. R. Rule F(4) (emphasis added).

### 1. **Necessity of the Injunction**

Certain, presently identified claimants in these actions object to the issuance of an injunction, arguing that an injunction is unnecessary as they believe the parties can stipulate to a limitation of plaintiff's liability in compliance with federal law and allow the state court actions to proceed. However, despite some of the claimants' representations, in their oppositions herein, regarding their willingness to enter an agreement with plaintiff, no such stipulation has been reached by the parties to date.  Plaintiff represents that for months he tried to obtain this type of stipulation prior to filing these motions but was unable to get all parties to agree.  In filing these actions and the instant motions, plaintiff has complied with the governing statutes and rules, and he is thus entitled to the requested orders directing monition and enjoining suits.

## 2. **Laches or Estoppel**

Claimants also contend that under a laches or estoppel theory, this court should deny plaintiff's motions. Claimants assert that because plaintiff has propounded discovery in the state court actions, he should not now be permitted to enjoin those actions and force claimants to proceed in this court. Claimants, however, cite no authority for this proposition, nor is the court aware of any. Section 30511 and Rule F require only that the vessel owner bring the limitation action in federal court within 6 months after a claimant gives the owner written notice of a claim. Nothing in the statutes or Rule F precludes the vessel owner from defending himself in other actions prior to effectuating jurisdiction in federal court. See In re Esta Later Charters, Inc., 875 F.2d 234, 237 (9th Cir. 1989) (recognizing that "the filing of a limitation petition brings all pending claims into district court, regardless of how far along they may be in litigation").

Moreover, it appears that any delay in seeking these orders directing monition and enjoining suits was due to the parties' inability to reach a stipulation which would have permitted the state court actions to proceed instead of these actions. Once the parties' discussions broke down, plaintiff promptly filed these motions. Ultimately, federal law is clear that provided a timely limitation action is filed and appropriate security is posted, "all claims and proceedings against the owner related to the matter in question shall cease," and the court upon application by plaintiff "shall" enjoin the further prosecution of any claim pending against the plaintiff relating to the

9

incident in question.  46 U.S.C. § 30511(c); Supp. Fed. R. Rule F(4).

### 3. **Statute of Limitations**

One claimant, Royce, objects to the court's enjoining of his state court action, the Royce Action identified above, on the ground that plaintiff's limitation action as to him is untimely. Plaintiff specifically named Royce in his second filed limitation action, Case No. Civ. S-08-1385 FCD/DAD, filed on June 19, 2008. However, plaintiff first filed a limitation complaint relating to this incident on March 10, 2008; while Royce had filed the Royce Action on February 14, 2008, plaintiff avers in his verified complaint filed March 10, 2008 that, at that time, he was only aware of the Ieng Action.  Rule F(2) requires that a plaintiff filing a limitation action pursuant to Section 30511 identify in his complaint what actions and proceedings, if any, are pending against the plaintiff relating to the incident in question, "so far as known to the plaintiff."  Supp. Fed. R. Rule F(2).

The Ninth Circuit has held that written notice of *a* claim by one claimant starts the running of the 6 month statute of limitations as to *all* potential claimants.  Esta Later Charters, 875 F.2d at 234 (holding that under the Act, a shipowner was required to file his complaint to limit liability for claims arising from a shipboard explosion within six months of the first claim filed against the owner, rather than within six months of a successive claim).  Here, at the latest, plaintiff had written notice of a claim against him on December 4, 2007, when he filed his answer in the Ieng Action.  Thus, under Section 30511 plaintiff was required to file a limitation action in federal

court within 6 months, or June 4, 2008.  Plaintiff did so; he filed Case No. Civ. S-08-516 FCD/DAD on March 10, 2008. Admittedly, plaintiff did not specifically name Royce in this complaint, as he attested that, at that time, he was only aware of the Ieng Action.  In his reply, plaintiff states that he was served with Royce's complaint sometime in March 2008 and answered that complaint on April 11, 2008.  (See Docket #42 in Case No. Civ. S-08-516 FCD/DAD at 1.)  Plaintiff later specifically identified the Royce action, as well as the Fenley Action, in his second limitation complaint filed in this court on June 19, 2008.

Nothing, however, required plaintiff to file this second limitation action.  Other than specifically naming these additional, potential claimants, the second action, Civ. S-08-1385 FCD/DAD is identical to the first action, Civ. S-08-516 FCD/DAD.  The Act and Rule F simply require a plaintiff to file a limitation action within 6 months of a written claim by a potential claimant.  The Ninth Circuit has interpreted that rule to require a plaintiff to file said suit within 6 months of the *first* such claim; later, successive claims made against a plaintiff do not start the statute of limitations anew.  Esta Later Charters, 875 F.2d at 234.  Plaintiff complied with these requirements by filing the first limitation complaint on March 10, 2008.  At that time, he was required to identify those actions, that he was aware of, that were currently pending against him.  Plaintiff did that.  Indeed, Royce does not argue herein that plaintiff was aware of his complaint on March 10, 2008, when plaintiff filed the first limitation complaint.  Thus, there is no contention that plaintiff failed to comply with the

11

procedural requirements of Rule F(2).

For the reasons set forth above, plaintiff has complied with the statute of limitations, and thus, there are no grounds to deny an injunction as to the Royce Action. Because the filing of the second limitation action was not necessary under the Act and Rule F and is duplicative of the first action, the court directs the parties to file a stipulation and order requesting consolidation of these two actions. Upon consolidation, the later filed action, Case No. Civ. 08-1385 FCD/DAD, will be closed and all filings will be made in the first action, Case No. Civ. 08-516 FCD/DAD. If any party objects to the consolidation of these matters, then plaintiff shall file a noticed motion moving to consolidate the matters and any party may oppose the motion.

**4. <u>Stay of State Court Actions in their Entirety</u>**

Finally, certain claimants request that should the court grant these motions, the court decline to enjoin or stay the entirety of the state court actions, as some of the actions involve additional defendants besides the plaintiff in this case. In other words, these claimants request that this court permit the state court actions to proceed to the extent they are asserted against parties other than plaintiff. As support for their argument, claimants cite <u>In re B&H Towing</u>, 434 F. Supp. 2d 383 (S.D. West Va. 2006) which held that the Limitation of Liability Act did not require that a state court suit against the captain of the vessel be stayed. However, claimants fail to acknowledge that the court in <u>B&H Towing</u> recognized that its holding was contrary to other courts, including the *Ninth Circuit* which had held that permitting such a suit to proceed would be

12

contrary to the Act's purposes.  Id. at 384-85.  In Paradise Holdings, the Ninth Circuit emphasized that the Act is intended to decide all claims against a shipowner in one proceeding under a single set of rules to avoid inconsistent outcomes.  795 F.2d at 761.  Thus, the Ninth Circuit affirmed the district court's stay of the entirety of the pending state court action in that case, which included claims against the vessel's captain. Clearly, this court is bound to follow Ninth Circuit precedent, and thus, this court will enjoin the pending state court actions in this case in their entirety.

**CONCLUSION**

For the foregoing reasons, plaintiff's motions for orders directing monition/notice and enjoining suits is GRANTED.  The court files concurrently herewith its Order Directing Monition/Notice and Enjoining Suits and Notice of Action Brought for Limitation of or Exoneration from Liability.

Within 20 days of the date of this order the parties shall file the aforementioned stipulation and order to consolidate these cases.  Should any party object to the consolidation, plaintiff shall file a noticed motion moving the court to consolidate the matters.  Plaintiff shall notice the motion for May 15, 2009 at 10:00 a.m. in Courtroom 2.  Briefing on the motion shall be in compliance with Eastern District Local Rule 78-230.

IT IS SO ORDERED.

DATED: March 9, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE